UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FILED

UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

98 OCT -9 AM 10: 28

No.
CIV 98-1266

RAUL RUBEN LLANEZ and
CARL A. MACKEY,

PLAINTIFFS,

v.

STEPHANIE GONZALES, SECRETARY OF
STATE OF NEW MEXICO,

DEFENDANT.

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.
### INTRODUCTION

1.      Plaintiffs are Mexican-American and Black residents and voters of
Lea County, New Mexico.  They bring this action to redress a violation of the
Voting Rights Act of 1965 and the Fourteenth Amendment to the Constitution of
the United States.

2.      Plaintiffs seek a declaratory judgment that the existing at-large
system of electing magistrate court judges in Lea County violates Plaintiffs' civil
rights because such election method unlawfully dilutes the voting strength of
Mexican-American and Black voters and denies and abridges the right to vote of
Mexican-Americans and Blacks on account of their race, color or ethnicity.
Plaintiffs seek a permanent injunction prohibiting the calling, holding,
supervising or certifying of any future Lea County magistrate court elections
under the present at-large system.  Plaintiffs seek the formation of an election
system for Lea County, New Mexico that includes single member electoral

districts to ensure magistrate judges whose election will not cancel out, minimize, or dilute the voting strength of Mexican-American and Black voters. Plaintiffs further seek costs and attorney's fees.

## II.
## JURISDICTION

3.      Jurisdiction is based upon 28 U.S.C. 1343 a(3) & (4) and upon 28 U.S.C. 1331 for causes of action arising from 42 U.S.C. 1971 and 1973. Jurisdiction for Plaintiffs' claim under the Fourteenth Amendment to the U.S. Constitution is based upon 42 U.S.C. Section 1983. Jurisdiction for Plaintiffs' claim for declaratory relief is based upon 28 U.S.C. 2201 and 2202. Jurisdiction for Plaintiffs' claim for attorneys fees is based on 42 U.S.C. Sections 1973(e) and 1988. Venue is proper in this court under 28 U.S.C. 1391 (b).

## III.
## PLAINTIFFS

4.      Plaintiff Raul Ruben Llanez is a Mexican-American citizen and resident of Lea County who is a registered voter eligible to vote for magistrate judges in Lea County.

5.      Plaintiff Carl A. Mackey is a Black citizen and resident of Lea County, New Mexico who is a registered voter eligible to vote for the magistrate judges in Lea County.

6.      Defendant Stephanie Gonzales is the elected Secretary of State of New Mexico and is a citizen of New Mexico, presently residing in Santa Fe County. She is the chief officer of the state and is responsible for the applications, operation, and interpretation of the state's election laws. She is

responsible for qualifying candidates for office and for certifying the names of candidates to be placed on ballots for magistrate court judgeships.

7.      The defendant is sued in her official capacity for injunctive and declaratory relief.

8.      At all times relevant to this litigation, defendant has acted under the color of the constitution, statutes, ordinances, regulations, customs, and usages of the State of New Mexico.

## FACTUAL BACKGROUND

9.      According to the 1990 census, Lea County has a total population of 55,765 and the hispanic and black population is 19,144, approximately 34.4% of the total.  The voting age population of Lea County is 37,234, and the hispanic and black voting age population is 11,282, approximately 28.6% of the total.

10.      Of the five magistrate judges in Lea County none are hispanic or black.

11.      In the 1998 democratic primary a black candidate unsuccessfully opposed an anglo candidate for the office of Magistrate Judge.

12.      In the 1994 general election a Mexican-American candidate unsuccessfully opposed an anglo candidate for the office of Magistrate Judge, Division IV.

13.      In the 1994 democratic primary a Mexican-American candidate unsuccessfully opposed an anglo candidate for the office of Magistrate Judge, Division I.

14.    In the 1994 democratic primary election, a Mexican-American candidate defeated three anglo candidates for the office of Magistrate Judge, Division IV. However, in the 1994 general election the Mexican-American candidate unsuccessfully opposed the anglo candidate.

15.    In the 1992 general election a Mexican-American candidate unsuccessfully opposed an anglo candidate for the office of Magistrate Judge, Division IV.

16.    Magistrate Judges are elected in at-large, district-wide elections for terms of four years.

17.    Although a Mexican-American has on two occasions (in 1992 and 1994) been appointed by the Governor fill a vacant seat as magistrate judge, no Mexican-American or Black in the history of Lea County has ever been elected to the position of magistrate judge.

18.    Election laws and practices applicable to the election of magistrates in Lea County require the following:

(a)    Candidates must run for a particular place or post on the ballot.

(b)    Voters may cast a vote for each position or post on the ballot.

(c)    Voters may cast no more than one vote for any particular candidate.

19.    If the Lea County magistrate court district was divided into single member districts for election purposes, the minority community is sufficiently large and geographically compact to constitute a majority of the voting age population in one district.

4

20.    Due to long standing social, legal, economic, political, educational and other widespread prevalent restrictions, customs, traditions, biases, and prejudices, the hispanic and black population in Lea County has historically suffered from and continues to suffer from the effects of discriminatory treatment in education, employment, health, income and living conditions which hinders their ability to participate fully in the political process.  Also, there is a history police misconduct and brutality toward hispanics and blacks in Lea County.

21.    Voting in eastern and southeastern New Mexico and the county of Lea, is and has been characterized by racial polarization in contested elections in which Mexican-American and Black candidates have opposed anglo candidates, with anglo voters generally voting for anglo candidates and Mexican-Americans and Blacks voting for Mexican-American and Black candidates.

22.    Under the at-large elective system Mexican-American and Black voters have less opportunity than anglos to participate in the political process and to elect candidates of their choice to these at-large offices.

23.    The at-large scheme of elections for Lea County magistrates ensure that the anglo majority will continue the governance of the magistrates shutting out Mexican-Americans and Blacks from any meaningful participation of the electoral process.

24.    Accordingly, the at-large elective system challenged herein has caused and will continue to cause immediate and irreparable injury to plaintiffs by denying them an equal opportunity to elect candidates of their choice to

public office. Plaintiffs have no plain, speedy or adequate remedy at law. Unless restrained and enjoined by this Court, defendants will continue to deny plaintiffs their rights.

<u>VIOLATIONS</u>

25.   The use of county-wide, at-large voting for magistrate in Lea County, under the circumstances described in this complaint, results in a denial or abridgment of the right to vote of plaintiffs and those similarly situated on account of race or color, so that the minority population has less opportunity than anglos to participate in the political process and to elect candidates of their choice, all in violation of the right of plaintiffs and those similarly situated as secured by Section 2 of the Voting Rights Act of 1965, 42 U.S.C. Sec. 1973.

26.   Because of the violations listed above, the current election system for magistrate court judges in Lea County, has caused and is causing immediate and irreparable injury to plaintiffs and other similarly situated. Plaintiffs have no plain, speedy, or adequate remedy at law. Unless restrained or enjoined by the Court, the defendant will continue to deny the rights to the plaintiffs and those similarly situated.

<u>IMMUNITIES</u>

27.   Qualified and absolute immunity does not protect the defendant because plaintiffs seek only injunctive and declaratory relief and attorneys' fees. Furthermore, absolute immunity does not protect defendant because she does not act in any capacity which receives immunity at common law. The defendant is

6

not entitled to Eleventh Amendment immunity because plaintiffs seek only injunctive relief, declaratory relief and attorneys' fees.

**EQUITIES**

28.     Plaintiffs have no adequate remedy at law other than the judicial relief sought herein, and unless the defendant is enjoined from continuing the present at-large scheme, plaintiffs will be irreparably harmed by the continuing violation of their statutory and constitutional rights.  The illegal and unconstitutional conditions complained of preclude the adoption of remedial provisions by the electorate.  The present electoral scheme is without any legitimate or compelling governmental interest and it arbitrarily and capriciously cancels, dilutes and minimizes the force and effect of the plaintiffs' voting strength.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs pray for relief as follows:

(a)     That the court declare the present county-wide, at-large election system for magistrate in Lea County, unlawfully dilutes Mexican-American and Black voting strength and denies to plaintiffs and those similarly situated their rights as secured by Section 2 of the Voting Right Act of 1965, 42 U.S.C. Sec. 1973;

(b)     That the court grant preliminary and permanent injunctive relief restraining and enjoining the defendant her officers, agents, employees, attorneys, and successors in office, and all persons in active concert and participation with them, for holding any further elections or making any further

judicial appointments under the current election system for magistrates in Lea County;

    (c)    That the court order into effect an election system for magistrates in Lea County that does not dilute Mexican-American and Black voting strength nor violate the Voting Rights Act of 1965, and that remedies the violations outlined in this complaint;

    (d)    That the court grant plaintiffs their costs, necessary expenses of the litigation, and reasonable attorneys' fees (42 U.S.C. Sec. 1973 1(e) and 1988); and

    (e)    That the court grant plaintiffs any further relief that may be necessary and proper to ensure that racially fair election procedures are used in the election of Magistrate Court judges.

Respectfully submitted:

Manuel J. Lopez
Attorney at Law
P.O. Box 2498
Las Cruces, New Mexico  88004
(505) 525-1503
NM State Bar No. 1568

Rolando L. Rios
Attorney at Law
Milam Building
115 E. Travis, Suite 1024
San Antonio, Texas  78205
(210) 222-2102
TX State Bar No. 1693590

**ATTORNEYS FOR PLAINTIFFS**